UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFETY MANAGEMENT SYSTEMS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> SAFETY SOFTWARE LIMITED, <br><br> Defendant. | 10 Civ. 1593 (RJH) <br><br> **MEMORANDUM OPINION AND ORDER** |

Richard J. Holwell, District Judge:

      Defendant Safety Software Limited ("SSL") brings this motion for leave to amend its counterclaims against plaintiff Safety Management Systems ("SMS") to include an allegation against its president and sole shareholder, Christien Ducker ("Ducker"), for liability under a theory of piercing the corporate veil. SMS opposes on the grounds that the proposed amendment would be futile. For the reasons set forth below, SSL's motion for leave to amend is GRANTED.

## BACKGROUND

      The background to this dispute is as set forth in the Court's May 5, 2010 opinion denying SMS's motion for a preliminary injunction. The following facts are drawn from SSL's proposed amended complaint and assumed to be true for the purposes of this motion.

      Ducker is the president and sole shareholder of SMS. (Proposed Am. Countercl. ¶ 21.) On August 10, 2006, SMS entered into a licensing agreement with SSL that obligated SMS to

send quarterly royalty payments to SSL.  (*Id.*, ¶¶ 22-23.)  Ducker, acting in her capacity as president of SMS, withheld royalty payments beginning in July 2009.  (*Id.*, ¶ 34.)  She kept money, totaling several hundred thousand dollars, that SMS earned from sublicensing SSL's software and diverted it to her own personal account.  (*Id.*, ¶¶ 36, 95-96.)  Ducker caused SMS to pay her and other SMS employees unsustainably high salaries.  (*Id.*, ¶ 94.)  And Ducker used the same source of funds to pay obligations incurred for both SMS and personal accounts.  (*Id.*, 104.)

In addition, Ducker directed Phil DeFina, an SMS employee, to direct a potential business opportunity to one of SSL's competitors, for whom Ducker is currently employed.  (*Id.*, ¶¶ 41-45.)  Ducker has retained in her possession proprietary information that belongs to SSL.  (*Id.*, ¶¶ 48-49.)

SMS asks the Court, based on these facts, to pierce the corporate veil and find that Ducker is liable for SMS's default on its contractual obligations to SSL.  It also wants Ducker to return the proprietary information in her control to SSL.

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires."  "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139,

168 (2d Cir. 2003).  On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 692 (2d Cir. 2009).  The complaint's allegations, however, "must be enough to raise a right of relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Only a "plausible claim for relief survives a motion to dismiss."  *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476 (2d Cir. 2009).  Plaintiffs may plead factual allegations in their complaints upon information and belief.  Fed. R. Civ. P. 11(b).

SMS asks the Court to deny SSL leave to amend on the grounds of futility.  SMS argues at length that SSL should not be granted leave to amend because the allegations in its proposed amended counterclaims are factually untrue.  In so arguing, SMS appears to misunderstand the procedural posture of this motion.  At this stage in the litigation, the Court accepts all of the counterclaimant's allegations as true and inquires as to whether those allegations could form a legally sufficient basis for a complaint.  The Court's place is not to weigh the evidence and make conclusions based on findings of fact.  *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 357 (S.D.N.Y. 2010).  A review of SSL's proposed amended counterclaims reveals that its allegations, taken as true, are sufficient to withstand a motion to dismiss.

The equitable remedy of piercing the corporate veil is appropriate "whenever anyone uses control of the corporation to further his own rather than the corporation's business . . . ." *Walkovszky v. Carlton*, 223 N.E.2d 6, 8 (N.Y. 1966).  As the New York Court of appeals has held, "Generally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such

domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. State Dep't of Taxation & Fin.*, 623 N.E.2d 1157, 1160-1161 (N.Y. 1993).

In determining whether the owners exercised complete domination or control, "[f]actors to be considered include the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership, officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the allegedly dominated corporation; whether dealings between the entities are at arm's length; whether the corporations are treated as independent profit centers; and the payment or guaranty of the corporation's debts by the dominating entity. No one factor is dispositive." *Fantazia Intl. Corp. v. CPL Furs N.Y., Inc.*, 889 N.Y.S.2d 28, 29 (N.Y. App. Div. 1st Dep't 2009) (citing *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1053 (2d Cir. 1997)).

SSL alleges that Ducker diverted money that SMS owed SSL into her personal account. (Proposed Am. Countercl. ¶ 97.)  It also alleges that Ducker paid herself and SMS's other employees unsustainable salaries given the viability of her company.  (*Id*., ¶ 94.)  Finally, it alleges that "Ducker directed an SMS employee to shift accounts between SMS and Ducker to utilize the same sources of funds to satisfy creditors, regardless of whether the account was an SMS or personal account."  (*Id*., ¶ 104.)  Drucker's alleged abuse of the corporate form caused SMS injury because she allegedly retains funds owed to SMS by SSL in her personal account. Under New York law, these allegations are sufficient to state a claim to pierce the corporate veil. *Dana v. Shopping Time Corp.*, 908 N.Y.S.2d 114 (N.Y. App. Div. 2d Dep't 2010) (holding the same, but applying New York state pleading standard).

SMS counters weakly that SSL's proposed amendment would be futile because only a "general practice of diverting revenues and commingling funds is sufficient to show alter ego

liability." (Pl.'s Opp'n 14 (quoting *Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 283 (S.D.N.Y. 2006)).) In the very case that SMS cites, however, the court noted that allegations merely "suggest[ed] a regular practice" of commingling. *Id.* Here, too, SMS's allegation that Ducker diverted several hundred thousand dollars worth of funds from what appears to be a fairly small business also suggests that the alleged commingling was widespread. SSL's proposed counterclaim against Ducker would thus survive a motion to dismiss and is not futile.

## CONCLUSION

For the foregoing reasons, SSL's motion to for leave to amend its counterclaims [28] is GRANTED.

**SO ORDERED.**

Dated: New York, New York

February 10, 2011

Richard J. Holwell

United States District Judge