UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAFETY MANAGEMENT SYSTEMS, INC.

                         Plaintiff,

    -against-

SAFETY SOFTWARE LIMITED,

                         Defendant.

---

SAFETY SOFTWARE LIMITED,

                         Counterclaim Plaintiff,

    -against-

SAFETY MANAGEMENT SYSTEMS, INC.,

                         Counterclaim Defendant,

    -and-

CHRISTIEN DUCKER,

                         Additional Counterclaim Defendant.

10 Civ. 1593 (KBF)

PLAINTIFF'S PROPOSED SUPPLEMENTAL
JURY INSTRUCTIONS (No. 1)

        8. *SMS's Payment for Web-Hosting for SSL Customers*

    As you have heard, the License Agreement between SMS and SSL that is in evidence provides for payments due to SSL from SMS's sales of SSL's Airsweb products and subsequent modifications and improvements to them. However, you have also heard evidence that Airsweb, as a Web-based product, depended on the services of a Web-hosting provider, and you have heard evidence that for most of the parties' relationship, SMS paid for Web-hosting for *both* its customers *and* for those of SSL. SMS has alleged that SSL was

obligated to compensate SMS for the payments SMS advanced for Web-hosting on behalf of SSL's customers but has not compensated it for those payments.

### A.   *Oral Contract*

You should consider in deciding whether SSL was obligated to compensate SMS for Web-hosting payments SMS made for SSL customers the possibility of an oral contract. You should keep in mind, in this regard, that not all contracts are or are intended to be reduced to writing. An oral agreement will be regarded as binding under the law, provided that the basic elements of contract formation are met.

It is not enough, however, for a person or entity to merely *hope* or *expect* that if it took certain actions, the other party would take certain actions in return. Rather, in order for an oral promise to constitute a binding contract, you must find either that: (1) the second party expressly said to the first party that, if the first party were to take certain actions, it would take certain actions in return; or (2) that (a) before taking any action, the first party had made it clear to the second party that, if it were to so act, it would be doing so with the expectation that the second party would then take certain actions in return; *and* (b) after the first party had taken any such action, the second party had acted in a way that demonstrated agreement with the original premise advanced by the first party. SMS argues that that second test applies here.

As with written contracts, the party contending that an oral contract existed would bear the burden of proving it.

Thus, you may find that the parties had entered into a legally-binding oral agreement for SMS to compensate SSL for payments SMS made for Web-hosting for SSL's customers if SMS has proven by a preponderance of the evidence that:

- SSL promised SMS that it would compensate SMS for Web-hosting payments SMS made for SSL's customers; *or* that

- SMS communicated to SSL that, if SMS paid for Web-hosting for SSL's customers, SMS would expect under the circumstances SSL to compensate it for any such payments; *and* that after SMS had made such payments, SSL's language or conduct demonstrated its acceptance of that bargain.

If you find that an oral contract obligated SSL to reimburse SMS for the Web-hosting services SMS paid for on behalf of SSL's customers, you should go on to consider SMS's damages, but you do not need to consider the additional possibilities I will describe now.

B. *Quantum Meruit (Implied Contract)*

If you do not find there to have been an oral contract covering the payments at issue, the next possibility you should consider is called *quantum meruit*. A plaintiff that fails to establish a contract may still recover under the theory of *quantum meruit* if the plaintiff had provided services or materials to the defendant under circumstances implying an understanding by both parties that the plaintiff would be paid. The plaintiff, then, shall be entitled to recover damages equivalent to the reasonable value of the work (or services) performed and/or the materials furnished. Assent may be implied when a party "has conducted himself in such a manner that his assent may be fairly inferred." A party asserting a claim for breach of an implied contract to pay for goods or services generally must prove

that the goods or services were furnished or performed and accepted with the understanding on both sides that there was an obligation to pay.

Thus, if you conclude that SMS has proven by a preponderance of the evidence that it advanced payment for Web-hosting for SSL's customers under circumstances that implied an understanding by both SMS and SSL that SSL would compensate SMS for such payments, then you must find that SSL is liable for those payments in *quantum meruit*.

If you find that SSL, under circumstances that implied an understanding on behalf of both parties, was obligated to reimburse SMS for the Web-hosting services SMS paid for on behalf of SSL's customers, you should go on to consider SMS's damages, but you do not need to consider the final possibility I will describe now.

C. *Unjust Enrichment*

If you do not find there to have been a written contract, an oral contract or a mutual understanding amounting to an implied contract (a/k/a *quantum meruit*), the final basis for recovery you should consider is called "unjust enrichment." When one person has obtained money or property or financial benefit from another under such circumstances that in good conscience it should not be retained, the law imposes a duty to repay or return it. A claim to recover for unjust enrichment rests upon the equitable principle that a person shall not be allowed to enrich himself or herself unjustly or at the expense of another. The essential inquiry in unjust enrichment cases is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered. A claim for restitution based on unjust enrichment requires a showing by plaintiff that (1) the other party was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. An unjust enrichment

4

claim does not require that the party enriched take an affirmative role in obtaining the benefit, but plaintiff must demonstrate that the services were performed for the defendant.

Thus, if you conclude that SMS has proven by a preponderance of the evidence that, in advancing payments for Web-hosting for SSL's customers, SMS performed a service for SSL that enriched SSL at SMS's expense, and that it would be against equity and good conscience to permit SSL to retain the benefit of those payments without compensating SMS for them, you must find that SMS is liable for those payments under a theory of unjust enrichment.

If you find, based on a theory of unjust enrichment, that SSL should compensate SMS for the Web-hosting services SMS paid for on behalf of SSL's customers, you should go on to consider SMS's damages.

AUTHORITIES: *New York Pattern Jury Instructions, Civil, Volume 2* (3d ed.), Chg 4:1-4:2 & Cmt. 4:1 (601-02) & Com 4.1.1 & 4:20.

Dated:  New York, New York
        October 15, 2012

                                        SCAROLA MALONE & ZUBATOV LLP

                                        By_____
                                            Richard J.J. Scarola
                                            Andrew Rotstein
                                        1700 Broadway
                                        41st Floor
                                        New York, New York  10019
                                        Tel.: (212) 757-0007

                                        *Attorneys for Plaintiff Safety Management Systems, Inc., and Additional Counterclaim Defendant Christien A. Ducker*